# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BLUEFIELD

**SHIRLEY MAE GRAHAM,**

    **Plaintiff,**

                        CIVIL ACTION NO. 1:25-cv-00300
                        HONORABLE: _____

**MONTECORP LLC, an Indiana limited liability company, MONTENEGRO FREIGHT SERVICES LLC d/b/a MFS, an Indiana limited liability company, and ERIBERTO E. RICO, an Illinois resident,**

    **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Shirley Mae Graham, by and through her counsel, and states the following for her Complaint:

1. This is an action for personal injury arising out of a motor vehicle collision that occurred on May 20, 2023 involving a Hyundai Kona operated by Shirley Mae Graham (hereinafter "Plaintiff" or "MS. GRAHAM") and a tractor-trailer operated by Eriberto E. Rico ("RICO") while he was acting within the course and scope of his employment and/or agency with Montecorp LLC ("MONTECORP").

2. The collision occurred at the intersection of U.S. Route 460 and the Interstate 77 South Exit Ramp (Exit No. 9) in Princeton, Mercer County, West Virginia.

## PARTIES, JURISDICTION, AND VENUE

3. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

4. MS. GRAHAM is a resident of Lashmeet, Mercer County, West Virginia.

5. RICO is, upon information and belief, a resident of Illinois.

6. MONTECORP was, upon information and belief, an Indiana limited liability company that had its principal office address of 207 N Colfax Street, #9, Griffith, Indiana, 46319-1573.

7. MONTECORP was an interstate motor carrier registered with the U.S. Department of Transportation under U.S.D.O.T. No. 3491609.

8. At all times relevant to the subject collision, MONTECORP was conducting business in West Virginia.

9. Montenegro Freight Services LLC d/b/a Mfs ("MONTENEGRO") is, upon information and belief, an Indiana limited liability company that has its principal office address of 801 E Main Street, Bldg 21, Unit 8, Griffith, IN, 46319, USA.

10. MONTENEGRO is an interstate motor carrier registered with the U.S. Department of Transportation under U.S.D.O.T. No. 4079790.

11. Upon information and belief, MONTENEGRO has conducted business in West Virginia and/or conducted business in West Virginia through its predecessor/alter ego MONTECORP.

12. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the parties and claims asserted in this action as the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

13. Pursuant to 28 U.S.C. § 1391, the United States District Court for the Southern District of West Virginia, Bluefield Division, is an appropriate venue for this action as the crash that forms the basis for this civil action and the cause of action arose in Mercer County, West Virginia.

14. RICO, MONTECORP, and MONTENEGRO are subject to the jurisdiction and venue of this Court.

**GENERAL FACTS**

*May 20, 2023, Collision*

15. The Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

16. On May 20, 2023, RICO was operating a straight truck on Interstate 77 South.

17. At the same time, MS. GRAHAM was operating a 2023 Hyundai Kona and traveling westbound on U.S. Route 460.

18. RICO exited Interstate 77 traveling southbound at Exit No. 9 and approached the intersection with U.S. Route 460.

19. As MS. GRAHAM approached the intersection of U.S. Route 460 and the Interstate 77 South Exit Ramp, the traffic light governing her travel lane was green.

20. At that time and place, the traffic light governing RICO's lane of travel was red.

21. As MS. GRAHAM traveled towards the intersection, RICO entered the intersection against a red light and attempted to make a right turn.

22. As a result, RICO caused the straight truck to collide with MS. GRAHAM's Hyundai thereby causing her to sustain bodily injuries.

23. RICO was required to yield to MS. GRAHAM who had the right of way.

24. RICO failed to yield the right of way to MS. GRAHAM and caused the collision.

25. As a result of RICO's negligent, careless, and/or reckless conduct, actual malice, and/or conscious, reckless and outrageous indifference to the heath, safety and welfare of others, the collision occurred.

26. RICO is the person solely responsible for causing the collision.

27. MS. GRAHAM did not commit any negligence or contribute to the cause of her own injuries or damages.

28. As a direct and proximate result of RICO's wrongful acts and/or omissions and the collision described above, Plaintiff suffered severe injuries to her body for which she has and/or will continue to experience and/or incur:

    a. medical expenses;

    b. lost wages and loss of earning capacity;

    c. pain and suffering;

    d. physical limitations;

    e. diminished capacity to enjoy life;

    f. annoyance and inconvenience; and

    g. other consequences and damages associated with his injuries as may be specified as this action progresses.

*Relationship of MONTECORP and MONTENEGRO*

29. On March 5, 2025, MONTECORP administratively dissolved.

30. At the time of the collision, the subject straight truck displayed MONTECORP's U.S.D.O.T. number.

31. Upon information and belief, the subject straight truck displayed MONTECORP's company logo.

32. Upon information and belief, the subject straight truck displayed MONTECORP's U.S.D.O.T. number through February 9, 2024, when the truck was inspected in Oklahoma.

33. Upon information and belief, the subject straight truck displayed MONTENEGRO's U.S.D.O.T. number on August 13, 2024, when the truck was inspected in Kansas.

34. Upon information and belief, prior to the dissolution of MONTECORP, the subject straight truck displayed MONTENEGRO's U.S.D.O.T. number.

35. Upon information and belief, prior to the dissolution of MONTECORP, the subject straight truck displayed MONTENEGRO's company logo.

36. Upon information and belief, the subject straight truck continues to display MONTENEGRO's U.S.D.O.T. number.

37. Upon information and belief, the subject straight truck continues to display MONTENEGRO's company logo.

38. Upon information and belief, MONTECORP and MONTENEGRO share the same Facebook Page.

39. Upon information and belief, MONTECORP transferred ownership of the subject straight truck to MONTENEGRO.

40. Upon information and belief, MONTECORP transferred its assets to MONTENEGRO.

41. Upon information and belief, following the subject collision, MONTENEGRO employed RICO before MONTECORP's administrative dissolution.

42. Upon information and belief, MONTENEGRO employed RICO after MONTECORP's administrative dissolution.

5

43. Upon information and belief, the following commercial motor vehicles and/or semi-trailers were owned by MONTECORP and operated under its U.S.D.O.T. authority:

    a. 2015 International Straight Truck with Vehicle Identification Number ("VIN") 3HAMMMML9FL036407;

    b. 2018 International Truck Tractor with VIN 3HSDZAPR3JN417405;

    c. 2016 International Straight Truck with VIN 1HTMMMML6GH430227;

    d. 2019 Stoughton Semi-trailer with VIN 1DW1A5326KSA15666;

    e. 2020 Stoughton Semi-trailer with VIN 1DW1A532XLSA31998;

    f. 2009 Transcraft Semi-trailer with VIN 1TTF4820X91086939;

    g. 2020 Utility Semi-trailer with VIN 1UYVS2538L7835534;

    h. 2018 International Truck Tractor with VIN 3HSDZAPR4JN417378;

    i. 2018 International Truck Tractor with VIN 3HSDZAPR0JN446067;

    j. Semi-trailer with VIN 5DMFABTBX7T000916;

    k. 2018 International Truck Tractor with VIN 3HSDZAPR5JN445920; and

    l. 2019 Semi-trailer with VIN 1JJV532DXKL120647.

44. Upon information and belief, the following commercial motor vehicles and/or semi-trailers were transferred to MONTENEGRO and operated under its U.S.D.O.T. authority:

    a. 2015 International Straight Truck with Vehicle Identification Number ("VIN") 3HAMMMML9FL036407;

    b. 2018 International Truck Tractor with VIN 3HSDZAPR3JN417405;

    c. 2016 International Straight Truck with VIN 1HTMMMML6GH430227;

    d. 2019 Stoughton Semi-trailer with VIN 1DW1A5326KSA15666;

    e. 2020 Stoughton Semi-trailer with VIN 1DW1A532XLSA31998;

   f. 2009 Transcraft Semi-trailer with VIN 1TTF4820X91086939;

   g. 2020 Utility Semi-trailer with VIN 1UYVS2538L7835534;

   h. 2018 International Truck Tractor with VIN 3HSDZAPR4JN417378;

   i. 2018 International Truck Tractor with VIN 3HSDZAPR0JN446067;

   j. Semi-trailer with VIN 5DMFABTBX7T000916;

   k. 2018 International Truck Tractor with VIN 3HSDZAPR5JN445920; and

   l. 2019 Semi-trailer with VIN 1JJV532DXKL120647.

45. Prior to dissolution, MONTECORP associated its business with telephone number: (219) 249-1316.

46. Upon information and belief, on May 29, 2023, MONTENEGRO associated its business with telephone number: (219) 249-1316.

47. Upon information and belief, MONTECORP operates or is attempting to operate as a motor carrier under MONTENEGRO, a new identity and/or as an affiliated entity.

48. Upon information and belief, from July 2, 2021, to November 20, 2023, commercial motor vehicles operated under MONTECORP's U.S.D.O.T. authority were involved in at least ten (10) reported crashes.

49. Upon information and belief, seventeen (17) months before the date of the subject collision, MONTECORP held a vehicle out of service rating of 41.7%.

50. Upon information and belief, seventeen (17) months before the date of the subject collision, MONTECORP held a driver out-of-service rating of 7.5%.

51. Upon information and belief, from June 1, 2022, to June 1, 2024, MONTECORP's vehicle out-of-service rating increased to 53.3%.

52. Pursuant to 49 C.F.R. § 385.9, the Federal Motor Carrier Safety Administration ("FMCSA") conducts a compliance review and, using the factors prescribed in 49 C.F.R. § 385.7, determines the safety fitness of motor carriers through the assignment of a safety rating.

53. Under 49 C.F.R. § 385.3, the FMCSA has four types of safety ratings: (1) satisfactory safety rating; (2) conditional safety rating; (3) unsatisfactory safety rating; and (4) unrated carrier.

54. As specified in Appendix B to 49 C.F.R. § 385, the purpose of a safety rating is to: (1) evaluate safety fitness and assign a safety rating to a motor carrier operating in interstate commerce; and (2) identify a motor carrier needing improvement in its compliance with the Federal Motor Carrier Safety Regulations ("FMCSRs").

55. Upon information and belief, on or about September 11, 2024, the FMCSA conducted a compliance review of MONTECORP.

56. Upon information and belief, on or about November 26, 2024, the FMCSA evaluated MONTECORP's safety fitness and assigned it a "conditional" safety rating.

57. As specified in Appendix B to 49 C.F.R. § 385, a "conditional" safety rating means that "a motor carrier does not have adequate safety management controls in place to ensure compliance with the safety fitness standard that could result in occurrences listed in 49 C.F.R. § 385.5 (a) through (k)."

58. Upon information and belief, the FMCSA considered the following factors in 49 C.F.R.§ 385.7 to assign MONTECORP a "conditional" safety rating:

    a. Violations, accidents or incidents substantially above the norm;

    b. Frequency and severity of regulatory violations;

    c. Frequency and severity of driver/vehicle regulatory violations identified during roadside inspections;

    d. Number and frequency of out-of-service driver/vehicle violations;

    e.    Increase or decrease in similar types of regulatory violations discovered during safety or compliance reviews;

    f.    Frequency of accidents;

    g.    Indicators of preventable accidents;

    h.    Whether such accidents and preventable accident indicators have increased or declined over time; and

    i.    Number and severity of violations of State and Federal commercial motor vehicle and motor carrier safety rules, regulations, standards and orders.

59. Upon information and belief, the FMCSA identified MONTECORP as a motor carrier that was in need of significant improvement in its compliance with FMCSRs.

60. MONTECORP transferred certain assets -- including the commercial vehicles identified hereinabove -- to MONTENEGRO prior to receiving the "conditional" rating from FMCSA, but later ceased operating and dissolved soon after receiving the "conditional" rating.

61. Upon information and belief, MONTECORP operates or is attempting to operate as a motor carrier under MONTENEGRO to avoid being linked with a negative compliance history.

## COUNT I - NEGLIGENCE OF ERIBERTO E. RICO

62. The Plaintiff incorporates, by reference, all preceding allegations contained within this Complaint.

63. In addition to those instances of negligence set forth elsewhere in this Complaint, RICO was negligent, reckless, and/or showed actual malice and/or an outrageous indifference to the health, safety and welfare of others in at least the following ways:

    a.    failing to yield the right of way;

    b.    disregarding a traffic control device;

    c.    attempting to turn right, onto the westbound lane Big Laurel Highway / U.S.

        Route 460, when the approaching vehicle constituted a hazard making it impossible to make the turn with reasonable safety;

d.    failing to adhere to the safe driving principles expected of drivers, including, but not limited to, failing to look for and see approaching traffic and hazards;

e.    failing to operate his commercial vehicle in a safe and prudent manner;

f.    otherwise failing to use that degree of care and caution that a reasonable and prudent professional driver would have exercised under the same or similar circumstances.

64.    At the time of the collision, RICO was subject to the FMCSRs applicable to commercial vehicles.

65.    At the time of the subject collision, RICO was also subject to the laws of the State of West Virginia governing the operation of motor vehicles on West Virginia's public roadways.

66.    RICO was *prima facie* negligent in that he violated FMCSRs and various rules of the road as incorporated into the laws and regulations of West Virginia.

67.    RICO, as an operator of a commercial vehicle on a public roadway in West Virginia, owed a duty to the general public, and in particular to MS. GRAHAM, to obey all State and Federal laws and regulations with regard to operating a commercial motor vehicle.

68.    In addition to other duties as set forth in this Complaint, pursuant to 49 *Code of Federal Regulations* § 392.2, every commercial motor vehicle must be operated in accordance with the laws of the jurisdiction in which it is being operated.

69.    Pursuant to *West Virginia Code* §§ 17C-3-4, 17C-8-2, and 17-C-8-8, RICO was required to obey the stop light; yield to MS. GRAHAM who had the right of way; and, not turn or enter U.S. Route 460 unless the turn could be made with reasonable safety.

70. RICO's actions and omissions violated the requirements of 49 *Code of Federal Regulations* § 392.2, *West Virginia Code* §§ 17C-3-4, 17C-8-2, and 17-C-8-8.

71. RICO's wrongful conduct and violations of the law and regulations proximately caused the collision and MS. GRAHAM's injuries and damages, as set forth in this Complaint.

72. RICO's conduct constitutes *prima facie* evidence of negligence and is actionable.

73. RICO's acts and omissions constitute a conscious, reckless and outrageous indifference to the health, safety and welfare of others, which justify the imposition of punitive damages.

## COUNT II - VICARIOUS LIABILITY OF MONTECORP LLC

74. The Plaintiff incorporates, by reference, all preceding allegations contained within this Complaint.

75. At the time of the collision, RICO was operating the straight truck under the motor carrier authority granted to MONTECORP.

76. Upon information and belief, at all times relevant to this Complaint, RICO was acting within the course and scope of his employment and/or agency with MONTECORP.

77. MONTECORP is vicariously liable pursuant to the theories of principal/agency and *respondeat superior* for all wrongful actions and omissions that were committed by its agent/employee, RICO.

## COUNT III - LIABILITY OF MONTENEGRO FREIGHT SERVICES LLC

78. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if each were fully set forth in their entirety.

79. Upon information and belief, MONTECORP transferred ownership of the subject straight truck to MONTENEGRO.

80. Upon information and belief, MONTECORP transferred its assets to MONTENEGRO.

81. There is substantial continuity between MONTECORP and MONTENEGRO such that MONTENEGRO is merely a continuation of MONTECORP.

82. MONTENEGRO is the reincarnation and/or mere continuation of MONTECORP.

83. MONTENEGRO is the alter ego of MONTECORP.

84. MONTENEGRO and MONTECORP share such unity of interest and ownership that the separate personalities of the business and of the individual member(s) or manager(s) no longer exist.

85. MONTENEGRO and MONTECORP are reincarnated and/or affiliated motor carriers, as specified in 49 C.F.R. § 385.1003.

86. MONTENEGRO is, therefore, vicariously liable for the debts and obligations of MONTECORP, including the damages resulting from the collision forming the basis of this lawsuit.

87. Under the doctrine of alter ego, MONTENEGRO is liable to Plaintiff for all damages recoverable by law for the injuries sustained by Plaintiff as a result of the negligence of RICO and MONTECORP.

88. Under the doctrine of successor liability, MONTENEGRO is liable to Plaintiff for all damages recoverable by law for the injuries sustained by Plaintiff as a result of the negligence of RICO and MONTECORP.

**WHEREFORE,** the Plaintiff, Shirley Mae Graham, requests she be awarded judgment against Defendants, Montecorp LLC, Montenegro Freight Services LLC d/b/a Mfs, and Eriberto E. Rico, for the following:

(a) compensatory damages in an amount to be determined by a jury;

(b) punitive damages, to the extent warranted by the facts and law;

(c) pre-judgment and post-judgment interest as allowed by law;

(d) attorneys' fees, costs and expenses incurred in this action; and

(e) such other and further relief as the Court deems just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

SHIRLEY MAE GRAHAM

PLAINTIFF,

By Counsel:

*/s/ Brian E. Bigelow*
STEPHEN B. FARMER (W.Va. State Bar No. 1165)
ROBERT A. CAMPBELL (W.Va. State Bar No. 6052 )
BRIAN E. BIGELOW (W.Va. State Bar No. 7693)
CHRISTIAN A. HUFFMAN (W.Va. State Bar No. 14205)
FARMER, CLINE & CAMPBELL, PLLC
P.O. Box 5559
101 N. Kanawha Street, Suite 101
Beckley, West Virginia 25801
(304) 252-5990

***COUNSEL FOR THE PLAINTIFF***