```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                   BLUEFIELD DIVISION
```

**SHIRLEY MAE GRAHAM,**

    **Plaintiff,**

v.                                              Civil Action No. 1:25-00300

**MONTECORP LLC, an Indiana**
**limited liability company, et al.,**

    **Defendants.**

### MEMORANDUM OPINION

By Order entered on January 26, 2026, the court **DENIED** defendants' motion to dismiss for lack of subject matter jurisdiction. See ECF No. 44. The reasons for that decision follow.

### I. Background

This personal injury action arises out of a motor vehicle accident occurring on May 20, 2023, in Mercer County, West Virginia. According to the Complaint, the allegations of which are taken as true at this juncture, a tractor trailer driven by Eriberto E. Rico ("Rico") collided with Shirley Mae Graham's vehicle. See ECF No. 1 at ¶¶ 1, 16-22. At the time of the accident, Rico "was acting within the course and scope of his employment and/or agency with Montecorp LLC." Id. at ¶ 1. Rico was "solely responsible" for the collision, id. at ¶ 26, which,

according to Graham, resulted in her suffering severe bodily injury.  See id. at ¶¶ 22, 27, and 28.

The vehicle driven by Rico bore the logo of Montecorp LLC, an Indiana limited liability company, as well as Montecorp's United States Department of Transportation ("USDOT") number.  See id. at ¶¶ 30-31.  "On March 5, 2025, Montecorp administratively dissolved."  Id. at ¶ 29.  Graham alleges that Montecorp "operates or is attempting to operate as a motor carrier under MONTENEGRO, a new identity and/or as an affiliated entity."  Id. at ¶ 47.

On May 6, 2025, Graham filed a three-count complaint in this court against Rico, Montecorp, and Montenegro Freight Services LLC d/b/a MFS, an Indiana limited liability company.  Count I is a negligence claim against Rico, see id. at ¶¶ 62-73, while Counts II and III seek to impose liability against Montecorp and Montenegro.  See id. at ¶¶ 74-88.  According to the Complaint, as a result of the accident, Graham "suffered severe injuries to her body for which she has and/or will continue to experience and/or incur:  a. medical expenses; b. lost wages and loss of earning capacity; c. pain and suffering; d. physical limitations; e. diminished capacity to enjoy life; f. annoyance and inconvenience; and g. other consequences and

2

damages associated with his [sic] injuries as may be specified as this action progresses." Id. at ¶ 28. Graham asks for compensatory damages in an unspecified amount, punitive damages, prejudgment and post-judgment interest, attorneys' fees, costs and expenses, and any other just and appropriate relief. She specifically alleges "the amount in controversy exceeds $75,000.00." Id. at ¶ 12.

Defendants Montecorp and Rico moved to dismiss the complaint, arguing that the amount in controversy did not exceed $75,000.00 and, therefore, plaintiff could not satisfy the statutory minimum to establish diversity jurisdiction. Defendants concede that the parties are diverse. See ECF No. 9 at 2 n.1.

**II. Relevant Law**

Federal district courts may exercise original jurisdiction over civil actions constituting a diversity of citizenship where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). "The black letter rule 'has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith.'" Choice Hotels

3

Intern., Inc. v. Shiv Hospitality, LLC, 491 F.3d 171, 176 (4th Cir. 2007) (quoting Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961)). As our appeals court has explained:

> Courts generally accept the sum claimed by the plaintiff in good faith as the amount in controversy. JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010). Dismissal for failure to meet the amount in controversy is therefore appropriate only where the court determines to a legal certainty that the plaintiff cannot recover the amount it seeks or seeks an amount that the plaintiff is not entitled to for the purpose of establishing jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938). Consequently, a district court must exercise jurisdiction unless "the legal impossibility of recovery" virtually negates the plaintiff's good faith in asserting the claim. JTH Tax, Inc., 624 F.3d at 638 (internal quotation omitted).
>
> Good faith is not negated because events during the litigation reduce the amount recoverable below the statutory threshold or the plaintiff is otherwise unable to recover the amount it initially sought. St. Paul Mercury Indem. Co., 303 U.S. at 289-90, 58 S. Ct. 586. Thus, a defense to a claim, even one that appears meritorious from the face of the complaint, does not oust federal court jurisdiction. Id. at 292, 58 S. Ct. 586. As the Supreme Court has stated:
>
>> "[T]here might be a perfect defense to the suit for at least the amount not yet due, yet the fact of a defense, and a good defense, too, would not affect the question as to what was the amount in dispute . . . . [F]or who can say in advance that that defense will be presented by the defendant, or, if presented, sustained by the court?"
>
> Smithers v. Smith, 204 U.S. 632, 643, 27 S. Ct. 297, 51 L. Ed. 656 (1907). Accordingly, the Supreme Court

4

>has advised that unless a law requires a different approach, the damages the plaintiff claims in good faith determine the amount in controversy. See St. Paul Mercury Indem. Co., 303 U.S. at 288, 58 S. Ct. 586.

Ministry of Defence of the State of Kuwait v. Naffa, 105 F.4th 154, 159-60 (4th Cir. 2024). "Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden." JTH Tax at 638.

**III. Analysis**

Defendants contend that "[t]his case should be dismissed because Plaintiff has not established that the amount in controversy exceeds $75,000." ECF No. 9 at 5. In doing so, defendants rely extensively on a letter from Graham's attorney to Montecorp's insurer dated March 18, 2024, more than a year before this action was filed. See id. That letter indicated that "[t]he special damages associated with Ms. Graham's care totaled $12,597.40." ECF No. 9-1 at 2. Based upon this figure, defendants argue that "the only reasonable assessment is that this controversy involves a low five-figure dispute, far below the $75,000 threshold for this Court to extend subject matter jurisdiction over this civil action." ECF No. 9 at 5.

The letter does not include a specific figure to settle the case but, rather, asks the insurer to "respond with a fair and reasonable offer of settlement[.]" ECF No. 9-1 at 3. The letter further contends that, because of the accident, plaintiff "sustained injuries to her cervical spine and right shoulder" and "has been forced to endure significant pain, suffering, inconvenience and a loss of enjoyment of life." Id. at 2.

In their briefing, defendants never really grapple with the legal standard that governs disposition of this issue: can the court say with legal certainty that the good faith damages sought by Graham do not exceed $75,000.00? Instead, defendants argue that the court

> has the discretion to look at the evidence briefed before it and determine whether this appears to be a $75,001+ case, or whether this case is better litigated in a Circuit or Magistrate Court in Mercer Court. Defendants submit that a state court is better situated to handle this matter, a Mercer County jury is appropriate, and federalism principals [sic] promote the trial of simple motor vehicle accidents in state court.

ECF No. 11 at 7. That is not how it works.

In her complaint, Graham maintains that the amount in controversy is greater than $75,000.00 and seeks damages which could exceed that amount. Indeed, her complaint casts "a wide net on damages" in that she asks for compensatory damages,

6

punitive damages, prejudgment and post-judgment interest, attorneys' fees, costs and expenses, and any other just and appropriate relief.  See Conley v. Schindler Elevator Corp., CIVIL ACTION NO. 3:25-0464, 2025 WL 2736923, at *2 (S.D.W. Va. Sept. 25, 2025).  Graham asserts that she has incurred medical expenses, lost wages, and loss of earning capacity.  She claims she suffers from bodily injury that has caused her pain and suffering, physical limitations, diminished capacity to enjoy life, and annoyance and inconvenience.  In the removal context, this court has found the amount in controversy satisfied under similar circumstances.  See Patton v. Wal-Mart Stores, Inc., No. Civ. A. 5:05-0655, 2005 WL 2352298, at *1-3 (S.D.W. Va. Sept. 26, 2005) (finding that the $75,000.00 amount was met even though plaintiff's current medical bills were only $5,000.00 because the plaintiff would likely have to undergo surgery in the future, loss of enjoyment of life, and loss of earning capacity); see also Campbell v. Restaurants First/Neighborhood Restaurants, Inc., 303 F. Supp. 2d 797, 799 (S.D.W. Va. 2004) ("Although her medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.") (Haden, J.); Adkins v. Ratliff,

7

Civil Action No. 2:23-cv-00745, 2024 WL 4424370, at *4 (S.D.W. Va. Oct. 4, 2024) (denying motion to remand where "total cost of medical specials accrued by plaintiffs was $32,602" where plaintiffs alleged that "pain and suffering, medical expenses, and anguish will continue into the future") (Copenhaver, J.).

Defendants have not argued Graham fraudulently pled damages exceeding $75,000.00 or that her claim was made in bad faith. Nor can the court conclude as much. Under such circumstances, the court is directed to accept a plaintiff's claim for damages to determine the amount in controversy. See Ministry of Defence, 105 F.4th at 161 ("Because the district court did not find that the Ministry pleaded its damages in bad faith and the pleaded damages exceed $75,000, the Ministry's claims meet the amount in controversy. The district court erred in holding otherwise."). Therefore, because defendants have not shown to a legal certainty that plaintiff cannot recover greater than $75,000 in damages, the amount in controversy is satisfied and this court has jurisdiction over this case. See, e.g., Simmons v. Village of Barboursville, CIVIL ACTION NO. 3:24-0078, 2024 WL 3445493, at *5 (S.D.W. Va. Jul. 17, 2024) ("Defendant has not shown to a legal certainty that the Plaintiff cannot recover greater than $75,000.00 in damages. Accordingly, the Court is

8

satisfied that it has subject-matter jurisdiction over this case.") (Chambers, J.); see also Worldwide Ins. Network v. Moore, 1:17CV1044, 2019 WL 181351, at *3 (M.D.N.C. Jan. 11, 2019) (denying motion to dismiss where defendants had not met their "heavy burden" in showing "the legal impossibility of recovery" in excess of $75,000 by plaintiff).

**IV. Conclusion**

For the reasons set forth above, the court **DENIED** defendants' motion to dismiss.  The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record and unrepresented parties.

It is **SO ORDERED** this 2nd day of February, 2026.

ENTER:

David A. Faber
Senior United States District Judge

9