IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

SHIRLEY MAE GRAHAM,

    Plaintiff,

v.                                    Civil Action No. 1:25-00300

MONTECORP LLC, an Indiana
Limited liability company, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On April 14, 2026, the court held a hearing on the motion of Evan S. Aldridge and Flaherty Sensabaugh Bonasso, PLLC to withdraw as counsel of record for defendant Montecorp LLC. See ECF No. 50. In its Order setting the hearing, the court informed Montecorp that if someone on its behalf failed to attend the hearing or otherwise communicate with counsel prior to the hearing, the court would grant the motion to withdraw. See ECF No. 56.

Present at the hearing were Mr. Aldridge and two of plaintiff's attorneys, Brian E. Bigelow and Christian Huffman. No one attended the hearing on behalf of Montecorp. At the hearing and in his motion, Mr. Aldridge outlined the numerous steps he had taken to contact someone from Montecorp and how, despite his repeated efforts, he had been unable to talk with anyone from Montecorp since September 2025.

Local Rule of Civil Procedure 83.4 which governs the withdrawal and/or termination of representation provides as follows:

An attorney may withdraw from a case in which he or she has appeared only as follows:

(a)  By Notice of Withdrawal.  A party's attorney may withdraw from a case by filing and serving a notice of withdrawal, effective upon filing, if:
  (1)  multiple attorneys have appeared on behalf of the party; and
  (2)  at least one of those attorneys will still be the party's counsel of record after the attorney seeking to withdraw does so.

(b)  By Notice of Withdrawal and Substitution.  A party's attorney may withdraw from a case by filing and serving a notice of withdrawal and substitution, effective upon filing, if the notice includes:
  (1)  the withdrawal and substitution will not delay the trial or other progress of the case; and
  (2)  the notice is filed and served at least 90 days before trial.

(c)  By Motion.  An attorney who seeks to withdraw other than under LR 83.4(a) or (b) must move to withdraw and must show good cause.  The attorney must notify his or her client of the motion.

Mr. Aldridge confirmed that he has attempted to notify a representative of Montecorp of the motion to withdraw.  No one on behalf of Montecorp has objected to the motion to withdraw.

"The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the district court." Abbott v. Gordon, Civ. No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010).  Rule 83.7 of the Local Rules of Civil

Procedure provides that all attorneys who practice before this Court must adhere to the Rules of Professional Conduct, as adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association (the ABA Model Rules).* According to West Virginia Rule of Professional Conduct 1.16(b)(6) "a lawyer may withdraw from representing a client if . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client. . . ." In addition, West Virginia Rule of Professional Conduct 1.16(b)(7) permits an attorney to withdraw if "other good cause for withdrawal exists." Mr. Aldridge has given good reasons for allowing his withdrawal as counsel for Montecorp. See Pritt v. Suzuki Motor Co., Ltd., 513 S.E.2d 161, 169 (W. Va. 1998) ("A lawyer may always withdraw from representing a client

---

* Local Federal Rule 83.7 states:

In all appearances, actions and proceedings within the jurisdiction of this court, attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct promulgated and adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional Conduct published by the American Bar Association.

Local R. Civ. P. 83.7.

3

when he is justified in doing so because . . . client's other conduct that makes it unreasonably difficult for the lawyer to effectively do his work."). Given Montecorp's lack of communication with its attorneys, it is impossible for them to continue to represent Montecorp in this matter. See Martin v. Stone, CIVIL ACTION NO. 5:25-cv-00443, 2026 WL 88550, at *1 (S.D.W. Va. Jan. 12, 2026) (Volk, C.J.) (granting counsel's motion to withdraw where "good cause exists inasmuch as counsel have been unable to contact [their client] despite diligent efforts"); Albertie v. Words to Works Ministries, Inc., Case No. 3:12-cv-923-J-34JBT, 2014 WL 12697313, at *1 (M.D. Fl. Aug. 5, 2014) ("Complete lack of communication with a client for an extended period of time, despite counsel's numerous attempts to contact the client through a variety of methods, may provide sufficient grounds for withdrawal from representation.").

Therefore, for these and other reasons placed on the record at the hearing, the court finds the motion to withdraw is supported by good cause and it is **GRANTED**. Mr. Aldridge, his firm, and the other attorneys from his firm, including Mr. Brumley and Mr. Camp, are permitted to withdraw as counsel of record for Montecorp LLC. The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

The Clerk is likewise to send a copy of this Order to Montecorp LLC at its last known address of 207 N. Colfax St., #9, Griffith, IN, 46319, certified mail return receipt requested.

**IT IS SO ORDERED** this 16th day of April, 2026.

ENTER:

David A. Faber
Senior United States District Judge